UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NADIA ADOLPHE,

    Plaintiff,

v.                                                          Case No: 2:19-cv-106-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

## OPINION AND ORDER

Plaintiff Nadia N. Adolphe seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 29). For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 405(g) of the codified Social Security Act, 42 U.S.C. § 301 *et seq.*

### I.    Social Security Act Eligibility and the ALJ Decision

####  A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the

national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

**B.     Procedural history**

Plaintiff applied for a period of disability and disability insurance benefits on January 31, 2016, alleging an onset of disability of March 14, 2014.  (Tr. at 236-37). Plaintiff's claim was denied initially on April 13, 2016 and upon reconsideration on September 9, 2016.  (*Id.* at 92, 107).  Administrative Law Judge Michael Kopicki ("ALJ") held a hearing on March 13, 2018 (*Id.* at 35-66) and issued an unfavorable decision on May 2, 2018 (*Id.* at 17-29).  On December 19, 2018, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-5).  Thus, the ALJ's decision is the final decision. Plaintiff filed a Complaint in this Court on February 21, 2019 (Doc. 1), and the case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (Doc. 16).

**C.     Summary of the ALJ's decision**

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five-step process determines whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the

Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found Plaintiff met the insured status requirements through December 31, 2017. (*Id.* at 19). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of March 14, 2014 through the date last insured of December 31, 2017. (Tr. at 19). At step two, the ALJ determined that through the date last insured, Plaintiff had the following severe impairments: "history of syncope; fibromyalgia, by history; depressive disorder; and anxiety disorder (10 C.F.R. 404.1520(c))." (*Id.*). At step three, through the date last insured, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 21).

Thus, at step four, the ALJ determined the following as to Plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, and scaffolds; she can no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; she should avoid even moderate exposure to hazards, such as dangerous machinery and unprotected heights; she should avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation; and she is limited to understanding, remembering, and carrying out simple instructions involving routine and repetitive tasks.

(*Id.* at 22-23).

In considering Plaintiff's age, education, work experience, and RFC, through the date last insured, the ALJ found Plaintiff unable to perform any of her past relevant work. (*Id.* at 27-28). The vocational expert testified that an individual with Plaintiff's age, education, work experience, and RFC could perform the requirements of representative

jobs such as: Hotel Housekeeper, DOT[1] Code 323.687-014, an unskilled (SVP[2] 2) occupation of light exertion level with 400,000 jobs nationally; Small Products Assembler, DOT Code 706.684-022, an unskilled (SVP 2) occupation of light exertion level with 190,000 jobs nationally; and Merchandise Maker, DOT Code 209.587-024, an unskilled (SVP 2) occupation of light exertion level with 304,000 jobs nationally. (*Id.* at 28-29). At step five, relying on the testimony of the vocational expert, the ALJ found Plaintiff was not under a disability at any time from March 14, 2014, the alleged onset date, through December 31, 2017, the date last insured.

## II. Analysis

### A. Standard of review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—that is, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982);

---

[1] "DOT" refers to the *Dictionary of Occupational Titles*.

[2] "SVP" refers to Specific Vocational Preparation and indicates the amount of time required for a typical claimant to learn the techniques, acquire the information, and develop the facility needed for average performance in a job. POMS DI § 25001.001 (A) (77).

*Richardson*, 402 U.S. at 401).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, considering evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.      Whether the ALJ erred in failing to evaluate Plaintiff's complaints of drowsiness and sleepiness.**

Plaintiff raises one issue on appeal: whether the ALJ erred in failing to properly evaluate Plaintiff's complaints of drowsiness and sleepiness. (Doc. 29 at 9-11). Plaintiff argues that when finding a medically determinable impairment, the ALJ had to evaluate the intensity and persistence of Plaintiff's symptoms and how those symptoms limit her ability to perform work-related activities. Specifically, Plaintiff contends the ALJ should have adopted her complaints and the medical opinions about the side effects of her medications. (Doc. 29 at 9-11). The Commissioner argues substantial evidence supports the ALJ's determination that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of her alleged symptoms contradicted the medical evidence. (*Id.* at 11).

At step four, the ALJ must determine Plaintiff's RFC before deciding whether Plaintiff can perform any of her past relevant work. The RFC is an assessment, based

on the relevant evidence, of Plaintiff's remaining ability to do work. 20 C.F.R. § 404.1545. The RFC is the most Plaintiff can do despite her limitations. *Id.* The focus of an RFC assessment is on the doctors' evaluations of Plaintiff's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

An ALJ's determination whether Plaintiff's impairments limit her ability to work must include consideration of Plaintiff's subjective symptoms, including the effectiveness and side effects of any medications taken for those symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981); *McDevitt v. Comm'r of Soc. Sec.*, 241 F.App'x 615, 619 (11th Cir. 2007). Furthermore, the Eleventh Circuit has held that an ALJ's duty to develop a full record can include investigating the side effects of medications. *Cowart*, 662 F.2d at 737. However, the ALJ's obligation to develop the record does not relieve Plaintiff of the burden of proving she is disabled. Thus, Plaintiff must introduce evidence supporting her claim that her symptoms, including any medication side effects, make her unable to work. *Walker v. Comm'r of Soc. Sec.*, 404 Fed. Appx. 362 (11th Cir. 2010); citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). And a reviewing court "may not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner." *Dyer v. Barnhard*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When formulating Plaintiff's RFC, the ALJ considered Plaintiff's symptoms using a two-step process. First, the ALJ determined whether Plaintiff's underlying medically

determinable physical impairments could reasonably be expected to produce her pain or other symptoms. During the first step, the ALJ considered Plaintiff's testimony of syncope episodes, chronic pain, fatigue, anxiety, panic disorder, depression, and memory loss. The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. at 24).

At the second step, the ALJ evaluated Plaintiff's complaints about the intensity, persistence, and limiting effects of her symptoms to determine the extent to which they limited her functionality. (*Id.*). There, the ALJ detailed that Plaintiff "previously took medication for pain and anxiety, which helped some, but did not completely relieve the symptoms and made her drowsy" (*id.* at 23-24), and during the hearing, Plaintiff testified about her medications and any side effects (*id.* at 51).

In this case, the ALJ's decision shows that he applied the correct legal standard, adequately developed the record regarding the side effects of Plaintiff's medication, and considered Plaintiff's allegations of debilitating deficiencies in concentration whatever the source. The ALJ noted Plaintiff's subjective complaints about the side effects and reports of drowsiness. But the ALJ also considered Plaintiff's limited and mostly routine treatment for the allegedly disabling symptoms. (*Id.* at 24). The ALJ articulated that Plaintiff had not been treated by a rheumatologist, physical therapist, or pain management specialist. (*Id.* at 25). The ALJ found Plaintiff reported limited activities of daily living, but that Plaintiff reported shopping for groceries with help from her children and completing household tasks with assistance. The ALJ was not under a duty to go any further. *Walker v. Comm'r of Soc. Sec.*, 404 Fed. Appx. 362, 367 (11th Cir. 2010) ("Given the record, the ALJ was not under a duty to elicit further information about [Plaintiff's]

medication side effects."). Nothing in Plaintiff's testimony or the medical record suggested that Plaintiff's drowsiness was severe enough to preclude her from work whether alone or in combination with other impairments.

**III.    Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds the ALJ's decision as to Plaintiff's RFC is supported by substantial evidence.

Accordingly, it is hereby **ORDERED**:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record